## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COTTMAN TRANSMISSION SYSTEMS, LLC | : | |
| 201 Gibraltar Road, Suite 150 | : | CIVIL ACTION |
| Horsham, PA  19044 | : | |
| Plaintiff, | : | |
| v. | : | No. |
| RICHARD HOOVER | : | |
| 3166 Tampa Road, Suite 11 | : | |
| Oldsmar, FL 34677 | : | |
| and | : | |
| COUNTYLINE TRANSMISSION, LLC | : | |
| 3166 Tampa Road, Suite 11 | : | |
| Oldsmar, FL 34677 | : | |
| Defendants. | : | |

## COMPLAINT

1.      Plaintiff, Cottman Transmission Systems, LLC ("Plaintiff" or "Cottman"), is a limited liability company organized and existing under the laws of Delaware and is duly registered to do business in the Commonwealth of Pennsylvania, with its principal place of business located at 201 Gibraltar Road, Suite 150, Horsham, PA  19044.  Cottman is a national franchisor of transmission repair businesses.

2.      Defendant, Richard Hoover ("Defendant" or "Hoover"), is an adult individual who is a citizen of the State of Florida with a principal place of business located at 3166 Tampa Road, Suite 11, Oldsmar, FL 34677.

3.      Defendant Countyline Transmission, LLC ("Defendant" or "Countyline") is a Florida limited liability company with its principal place of business located at 3166 Tampa Road, Suite 11, Oldsmar, FL 34677.

4.      This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and

common law claims contained herein.  This Court also has diversity jurisdiction pursuant to 28

U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy

which exceeds $75,000 exclusive of interest and costs.

5.     Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that Cottman resides

in this District, Defendants have transacted business with Cottman continuously over the last

several years in this District and the claims arise under a contract that was made in this District.

6.     Since at least 1963, Cottman has continually used the name "Cottman" as its trade

name, trademark and service mark in connection with the operation of transmission repair centers.

It is the owner of the following marks registered on the principal register of the United States

Patent and Trademark office for "automobile repair services":

| TRADEMARK | PRINCIPAL REGISTER |
| --- | --- |
| Cottman Man (Robot Design) | 1,052,610 |
| Cottman | 817,999 |
| We Fix Transmissions One Thank You At A Time | 2,020,133 |
| Transcheck 21 Plus | 1,991,413 |
| Cottman Man | 1,012,437 |
| Transmission Physician Design | 2,023,747 |
| Transmission Physician | 2,143,169 |
| Cottman Transmission (New Design) | 2,906,318 |

7.     Cottman is engaged in interstate commerce in, inter alia, the business of franchising

or licensing others to use the mark and name "Cottman" in the operation of transmission repair

centers throughout the United States.

8.     The "Cottman" trade name and trademark have become universally associated

with the repair of motor vehicle transmissions and the operation of transmission repair centers.

As a result, Cottman owns common-law trade name and trademark rights in the name "Cottman" and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "Cottman", there exists a secondary meaning in the name "Cottman" and the above marks.

9.      Large sums of money have been spent in advertising and promoting the services sold under Cottman's trade name and trademarks, and today Cottman has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

10.      Cottman has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of Cottman's quality transmission repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, Cottman has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

11.      On July 6, 2007, Cottman and Defendant Hoover entered into a license agreement, pursuant to which Defendant was authorized to use and has used the name and mark "Cottman" in connection with the operation of an automotive repair center located at 3166 Tampa Road, Suite 11, Oldsmar, FL 34677 (the "Center"). A true and correct copy of this license agreement (the "License Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

12.      Concomitant with executing the License Agreement, Defendant Hoover, individually and on behalf of Defendant Countyline, entered into an agreement with Plaintiff whereby the License Agreement was assigned to Defendant Countyline who agreed to assume and

become liable for the obligations of Defendant Hoover. The Transfer of License additionally provides that notwithstanding the transfer to Defendant Countyline, Defendant Hoover shall remain personally liable to Plaintiff under the terms of the License Agreement. See Exhibit "A".

13.    The License Agreement has a term of fifteen (15) years (i.e., through July 5, 2022), during which time the License Agreement cannot be terminated except for good cause as defined in the said Agreement.

14.    There has been a Center operating under the Cottman trademark years before the Defendants became a Cottman franchisee and commenced operating in Oldsmar.  The Center was first established under the Cottman trademark in October of 2000, and has been advertised in the Oldsmar community as Cottman ever since.

15.    As provided under the License Agreement, Cottman shared with Defendants its proprietary systems, information and trade secrets for opening and operating a successful automotive repair business which Cottman had developed over its 50 year history.

16.    In addition, Hoover was provided Cottman's proprietary manuals, customer lists and software.

17.    On or about May 14, 2012, without any prior warning or discussion, Defendants abandoned their obligations under the License Agreement, stopped reporting sales and paying fees, and took down the exterior Cottman signs.

18.    Defendants have unilaterally terminated the License Agreement without cause and in material breach of the said Agreement's express terms.

19.    Section 20 of the License Agreement, entitled "Effect of Termination," provides that upon termination of the License Agreement "for any reason", Defendants shall promptly pay Cottman all amounts due and owing. *See* License Agreement, ¶ 20(a), attached hereto at Ex. "A".

20.     Notwithstanding their decision to unilaterally terminate the License Agreement, Defendants have refused and continue to refuse to pay the monies due and owing Cottman as a result of the termination.

21.     Section 21 of the License Agreement, entitled "Covenant Not to Compete," provides in pertinent part that:

> OPERATOR acknowledges that as a participant in the SYSTEM, OPERATOR will receive confidential information and materials, trade secrets, and the unique methods, procedures and techniques developed by COTTMAN. Therefore, to protect the SYSTEM and COTTMAN and to induce COTTMAN to grant to OPERATOR the license as set forth herein, OPERATOR represents and warrants…For a period of two (2) years after the termination of this Agreement for any reason, OPERATOR shall not…within a radius of ten (10) miles of OPERATOR's former CENTER and three (3) miles of any other CENTER in operation at the time of termination or any CENTER that has commenced operation during said two (2) year period, begin or engage in any business the same as, similar to or in competition with such CENTER….

*See* License Agreement, ¶ 21, attached hereto at Ex. "A".

22.     The non-compete provision further provides that:

> OPERATOR acknowledges that in view of the nature of the SYSTEM and the business of COTTMAN, the restrictions contained in this section 21 are reasonable and necessary to protect the legitimate interests of the SYSTEM and COTTMAN and that any violation of such restrictions will result in irreparable injury to the SYSTEM or COTTMAN. Therefore, OPERATOR acknowledges that, in the event of such violation, COTTMAN shall be entitled to preliminary and permanent injunctive relief and damages as well as an equitable accounting of all earnings, profits, and other benefits arising from such violation, which remedies shall be cumulative and in addition to any other rights or remedies to which COTTMAN shall be entitled, and the arbitration provisions of section 22 shall not apply to any equitable proceeding seeking enforcement of the provisions of this section 21. If OPERATOR violates any restriction contained in this section 21, and it is necessary for COTTMAN to seek equitable relief, the restrictions contained herein shall remain in effect until two (2) years after such relief is granted.

*See* License Agreement, ¶ 21(e), attached hereto at Ex. "A".

23.     Defendants continue to operate a transmission repair business from the former Center location.

24.     Although Defendants have unilaterally elected to terminate their License Agreement with Cottman, they have refused and continue to refuse to honor their payment and non-compete obligations owed to Cottman.

COUNT I - BREACH OF LICENSE AGREEMENT
SPECIFIC PERFORMANCE

25.     Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 24 above.

26.     As a result of the termination of Defendants' franchise, Cottman is entitled to specific performance of Section 21 of the License Agreement, which provides that, among other things, for a period of two years following termination, Defendants will not, directly or indirectly, engage in the transmission repair business within a radius of ten (10) miles of the former Center, or within a radius of three (3) miles of any other Cottman center.

27.     Defendants continue to operate a transmission repair business from the former Center location in violation of the covenant not-to-compete contained in the License Agreement.

28.     Defendants have misappropriated the goodwill generated under the Cottman name and continue to use Cottman's proprietary methods, systems, and materials.

29.     Defendants' refusal to honor their non-compete obligation owed to Cottman by continuing to operate a transmission repair business from the former Center location interferes with Cottman's ability to develop the market, retain goodwill and re-establish the presence of the Cottman name in this market, all of which cause Cottman irreparable harm.

30.     Cottman has no adequate remedy at law for damages, and unless specific performance of the procedures after termination and covenant not-to-compete is ordered and injunctive relief granted to restrain Defendants' violation of the covenant not-to-compete, Cottman will continue to suffer irreparable harm.

## COUNT II - BREACH OF LICENSE AGREEMENT
## FAILURE TO PAY LICENSE AND OTHER FEES

31.     Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 30 above.

32.     Defendants have failed to make certain payments to Cottman which remain due and owing pursuant to the License Agreement.  Through week ending June 23, 2012, the amount of $32,458.37 remains due and owing from Defendants to Cottman.  This sum is comprised as follows:

| | | |
|---|---|---:|
| License Fees | | 15,300.00 |
| Advertising Fees | | 5,013.31 |
| Phone | | 160.03 |
| Fleet | | 26.03 |
| Transpos software | | 198.00 |
| Advertising | | 11,761.00 |
| Total | $ | 32,458.37 |

33.     Despite Cottman's demands, Defendants have failed and refused and continue to fail and refuse to pay the monies due and owing thereby causing contractual damages to Cottman.

## COUNT III - BREACH OF LICENSE AGREEMENT
## LOST FUTURE ROYALTIES

34.     Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 33 above.

35.     Defendants have breached the License Agreement by wrongfully terminating the said Agreement without cause on or about May 14, 2012.

36.     But for the wrongful unilateral termination of Defendants, Cottman would have continued to earn and collect weekly franchise fees under the License Agreement through July 5, 2022.

37.     By terminating the franchise prematurely, Defendants have wrongfully deprived Cottman of the license fees it would have been entitled to collect under the License Agreement.

38.     The amount of lost fees suffered by Cottman is yet to be calculated but is estimated to be in excess of $447,950.00.

COUNT IV – COSTS AND ATTORNEYS' FEES

39.     Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 38 above.

40.     Pursuant to Section 23.a. of the License Agreement, Defendants agreed to pay all costs incurred by Cottman in bringing this action, including attorneys' fees.

41.     Upon the filing of this Complaint, Plaintiff Cottman has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

42.     Plaintiff has incurred and continues to incur attorneys fees and other costs in the pursuit of this action.

COUNT VII – DECLARATORY JUDGMENT

43.     Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 42 above.

44.     Pursuant to 28 U.S.C. §2201, this Court has jurisdiction to determine disputes between Plaintiff and Defendants concerning the validity, formation, operation and termination of the License Agreement.

45.     A dispute exists between Plaintiff and Defendants as to whether Defendants are in default of the License Agreement and as to the termination of said Agreement.

46.     Plaintiff did properly register, sell and enter into the License Agreement with Defendants and obeyed all applicable laws.  Neither Plaintiff nor its agents, employees, brokers or

representatives made any misrepresentations or omissions of any material facts in connection with Defendants entering into the License Agreement.

47. Plaintiff has performed all of its obligations under the License Agreement and has not negligently or willfully caused any damage to Defendants.

48. Plaintiff has properly determined that Defendants are in violation of the License Agreement as they, inter alia unilaterally terminated the License Agreement, refused to pay sums due and owing under the License Agreement, and are operating a competing business.

49. Pursuant to the License Agreement, Plaintiff may terminate the said Agreement for one or more of the breaches set forth above.

WHEREFORE, Plaintiff Cottman Transmission Systems, LLC seeks a judgment in its favor and a declaration that the License Agreement is valid, was properly entered into, that Plaintiff has fulfilled all of its obligations under the License Agreement, that Plaintiff did not misrepresent and/or omit any material facts, that Plaintiff has not negligently or willfully caused damage to Defendants, and that Plaintiff may terminate Defendants under the License Agreement for one or more of the breaches described in the above set forth Counts of this Complaint.

RELIEF SOUGHT

WHEREFORE, Cottman requests the following relief:

A. That Defendants, their respective agents, subsidiaries, affiliates, servants, employees and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined as follows:

    1. To deliver to Cottman, or to persons designated by the Court, all materials, including without limitation signs, stationery, letterhead, forms, software, printed matter and advertising, which contain the proprietary marks "Cottman", "Cottman Transmission", or similar names or marks.

    2. To honor the covenant not-to-compete contained in the License Agreement, by ceasing to operate any automotive repair business for two

9

years at or within ten (10) miles of the location of the closed Center or three (3) miles of any other Cottman center.

    3.    To file with the Court and to serve on Cottman within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendants to comply herewith.

B.    That Plaintiff be awarded money damages as requested herein which damages have yet to be fully determined but which are alleged to be in excess of $480,408.37.

C.    That the Court enter a Declaratory Judgment that:

    1.    Plaintiff did properly register, sell and enter into the License Agreement with Defendants and obeyed all applicable laws;

    2.    Plaintiff has performed all of its obligations under the License Agreement and has not negligently or willfully caused any damage to Defendants;

    3.    Plaintiff has properly determined that Defendants are in violation of the License Agreement; and

    4.    Plaintiff may properly terminate the License Agreement.

D.    That Cottman be awarded its attorneys' fees, costs of court and such other and further relief to which it may be entitled.

DATE: 6-27-12

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
Cottman Transmission Systems, LLC
201 Gibraltar Road
Horsham, Pennsylvania 19044
(215) 643-5885