UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


COTTMAN TRANSMISSION SYSTEMS, LLC   :
                    Plaintiff,         :

                                 :

    vs.                           :  Civil Action No. 12-3631

                                 :

RICHARD HOOVER                  :

and COUNTYLINE TRANSMISSION, LLC,   :

                 Defendants.       :

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT

The Defendants, by and through their counsel, Chernow Kapustin, LLC, answer, aver affirmative defenses, and counterclaim as follows:

1.      Admitted in part, denied in part. It is admitted that Plaintiff has a place of business located at 201 Gibraltar Road, Suite 150, Horsham, PA 19044. It is denied that Cottman is a national franchisor. As to the remainder of the allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation and therefore they are denied.

2.      Admitted that Hoover is an adult individual who is a citizen of the State of Florida. The remainder of the allegations are denied.

3.      It is admitted that Countyline Transmission, LLC is a Florida limited liability company. The remainder of these allegations are denied.

4.      Denied.

5.      Admitted that Cottman resides in this District; the remaining allegations are denied.

6. Defendants lack the knowledge or information sufficient to form a belief as to the truth of this allegation and therefore it is deemed to be denied.

7. Defendants lack the knowledge or information sufficient to form a belief as to the truth of this allegation and therefore it is deemed to be denied.

8. Defendants lack the knowledge or information sufficient to form a belief as to the truth of this allegation and therefore it is deemed to be denied.

9. Defendants lack the knowledge or information sufficient to form a belief as to the truth of this allegation and therefore it is deemed to be denied.

10. Defendants lack the knowledge or information sufficient to form a belief as to the truth of this allegation and therefore it is deemed to be denied.

11. The allegations of this paragraph refer to a document which speaks for itself. Any other characterization is denied.

12. The allegations of this paragraph refer to a document which speaks for itself. Any other characterization is denied.

13. The allegations of this paragraph refer to a document which speaks for itself. Any other characterization is denied.

14. Defendants lack the knowledge or information sufficient to form a belief as to the truth of this allegation as to the year of establishment of the Center and therefore it is deemed to be denied.

15. The allegations of this paragraph refer to a document which speaks for itself. Any other characterization is denied.

16. Admitted in part, denied in part. It is admitted that Defendants were provided Cottman's manuals and software. It is further denied that they were provided any customer lists.

As to whether the materials were proprietary, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and therefore it is deemed to be denied.

17. Denied.

18. Denied.

19. The allegations of this paragraph refer to a document which speaks for itself. Any other characterization is denied.

20. Denied.

21. The allegations of this paragraph refer to a document which speaks for itself. Any other characterization is denied.

22. The allegations of this paragraph refer to a document which speaks for itself. Any other characterization is denied.

23. Denied.

24. Denied.

## Count I

25. Defendants hereby incorporate by reference, as if fully set forth, their responses contained in paragraphs 1 through 24 above.

26. Denied.

27. Denied.

28. Denied.

3

29.     Denied.

30.     Denied.

## Count II

31.     Defendants hereby incorporate by reference, as if fully set forth, their responses contained in paragraphs 1 through 30 above.

32.     Denied.

33.     Admitted in part, denied in part. It is admitted that Defendants have not paid Cottman; the remainder of the allegations are denied.

## Count III

34.     Defendants hereby incorporate by reference, as if fully set forth, their responses contained in paragraphs 1 through 33 above.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

## Count IV

39.     Defendants hereby incorporate by reference, as if fully set forth, their responses contained in paragraphs 1 through 38 above.

40.     The allegations of this paragraph refer to a document which speaks for itself. Any other characterization is denied.

41.     Admitted.

42.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of this allegation and therefore it is deemed to be denied.

## Count VII [sic]

43.     Defendants hereby incorporate by reference, as if fully set forth, their responses contained in paragraphs 1 through 42 above.

44.     The allegations of this paragraph refer to a legal conclusion to which no response is required. It is therefore deemed to be denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     The allegations of this paragraph refer to a document which speaks for itself. Any other characterization is denied.

## Affirmative Defenses

50.     Plaintiff has failed to state a claim upon which relief can be granted.

51.     Plaintiff's claims are barred by its own fraudulent conduct.

52.     Plaintiff's claims are barred by its own breaches of the license agreement.

53.     Plaintiff's claims are barred by the doctrine of laches.

54.     Plaintiff's claims are barred by its own failure of consideration.

55.     Plaintiff's are estopped from raising any claims by its own conduct.

56.     Plaintiff has waived any of its claims.

57.     Plaintiff's claims are barred by its own fraudulent conduct.

58.     Plaintiff's claims are barred by its failure to support the Cottman transmission system generally and to favor its affiliate, the AAMCO transmission system.

## Counterclaim

59.     Defendants hereby incorporate by reference comments fully set forth, their responses and affirmative defenses contained in paragraphs 1 through 58 above.

60.     As noted in the underlying Complaint herein, Hoover and Cottman entered into a License Agreement on July 6, 2007; said agreement was assigned to Countyline Transmission, LLC ("Countyline") on July 16, 2007.

61.     Cottman, pursuant to its 2007 Uniform Franchise Offering Circular that was delivered to Defendants, disclosed and specified, inter alia, its duties as a franchisor are specified.

62.     Cottman had control over and had a duty to provide its licensees, including Defendants, website and internet connection services and to act as an intermediary and arrange for the provision of advertising in local telephone directories.

63.     Despite said duty and obligation, Cottman continually failed to provide or maintain that website, causing Countyline to fail to receive customer referrals from the website over extended periods of time.

64.     Even when Cottman maintained its website and maintained it was functioning, said website was not, in that when telephone calls were placed through the website to Defendants' telephone number at its Center, the customer would receive a busy signal with Countyline losing access to that potential customer.

65.     Cottman further compounded the difficulty by causing the Defendants to lose its port over-capability on its telephone service for an extended period of time, resulting in a busy signal to any potential customer who called, who was denied access to the main telephone number.

66.     In addition, Cottman caused Defendants' listing in local telephone directories to be removed.

67.     As a franchisor/licensor, Cottman had control over the expansion and/or maintenance of the number of centers in its system.

68.     As a franchisor/licensor, Cottman had a duty to maintain and enhance its brand by, among other things, taking such actions as necessary to assure that a suitable number of centers remained as Cottman centers by providing adequate support or by maintaining the existing centers itself.

69.     At or about the time Hoover became a licensee and assigned his license to Countyline, there were approximately 21 licensees in Florida, including seven (7) located in the Tampa Bay area, that is Brandon, Spring Hill, New Port Richey, Largo, St. Petersburg, and the city of Tampa (2).

70.     Cottman failed to support its licensees either by its failure to maintain and advertise the brand, supply services or by actively encouraging said licensees to change their affiliation from Cottman to that of AAMCO Transmissions, Inc. ("AAMCO"), an entity which also engages in the operation of transmission repair centers throughout the United States, which is owned by American Driveline Centers, Inc. ("American Driveline"), which owns Cottman as well.

71.     American Driveline, Cottman and AAMCO share staff and resources, all at a common facility in Horsham, Pennsylvania.

72.     Cottman has either failed to provide operators or allowed conversions to AAMCO or private operations for Cottman franchises that closed in Spring Hill, New Port Richey, Largo, St. Petersburg and Tampa (two).

7

73.     Cottman has further aggravated the effect of these closings by transferring telephone calls made to the closed Cottman licensees to AAMCO franchisees in Pinellas County, Florida rather than Countyline, which is also located in Pinellas County, Florida.

74.     Since 2007, because of this failure to support, and the active encouragement of Cottman to its licensees to convert to AAMCO, there are now only four (4) Cottman centers located in the entire state of Florida, distant from Countyline's former location as follows:

        (a)     Brandon (28 miles – 43 minute drive);

        (b)     Fern Park (Orlando – 109 miles – 2 hours, 6 minutes drive); and

        (c)     Jacksonville (2 locations - 210 miles - 3 hours 30 minutes drive).

75.     This lack of support, as noted above, and the complete failure of Cottman to maintain its market presence in the State of Florida, acted as a de facto termination of the License Agreement causing Defendants to cease operating this center in March, 2012 and causing Defendants lost revenue and loss of value of its Center.

## Count I – Breach of Contract

76.     Defendants hereby incorporate by reference comments fully set forth, their responses and affirmative defenses contained in paragraphs 1 through 75 above.

77.     Paragraph 5 of the License Agreement, attached as Exhibit "A" to the Complaint, Cottman agrees, inter alia to:

"(e)    furnish from time to time such business information and literature as Cottman determines may be helpful in improving the operations of the Center;
        (f)    advise and consult with Operator during normal business hours on matters relating to all operations of the Center;
        (g)    advise Operator of new developments and improvements in the System and to offer to Operator services, facilities, rights and privileges substantially similar to those generally offered to other licensed participants in the System;

(h)     provide initial training and other additional training programs and meetings; and

(i)     continue to develop, promote and protect the good will and reputation associated with the Cottman names and marks and other distinguishing aspects of the System."

78.     By its conduct as aforesaid, Cottman has breached its License Agreement with the Defendants by its total failure to support the Cottman System, by its encouragement of its licensees to change their affiliation from Cottman to AAMCO, and by its failure to "develop, promote and protect the good will and reputation associated with the Cottman names and marks and other distinguishing aspects of the System".

79.     By its conduct as aforesaid, Cottman has caused a de facto termination of Hoover's License Agreement which had been assigned to Countyline.

80.     Defendants have been significantly damaged by Cottman's breach of this contract, including but not limited to the payment of license fees for which it received no value and the loss of its license.

81.     Because Cottman has failed to meet its obligations under the contract, Defendants have no liability for amounts allegedly owed as noted in paragraph 32 of the Complaint or for lost future royalties or costs of attorneys' fees as noted in Counts III and IV of the Complaint.

## Count II – Unjust Enrichment

82.     Defendants hereby incorporate by reference comments fully set forth, their responses and affirmative defenses contained in paragraphs 1 through 81 above.

83.     During the time period of Defendants association with Cottman, Defendants made certain payments to Cottman, including but not limited to those

9

outlined in Paragraph 32 of the underlying Complaint, for which Defendants received no value.

84.     Cottman therefore received a benefit at the expense of Defendants.

85.     Cottman was aware that it was receiving that benefit.

86.     Cottman accepted and retained that benefit under circumstances that would be inequitable for it to retain that benefit.

87.     Cottman has been unjustly enriched by the amount of the payments that it received.

88.     Cottman should be compelled to return the amount of these payments to Defendants.

## Count III – Violation of the Florida Deceptive and Unfair Trade Practices Act Fla. St. Ann. §§ 501.201 et seq. (the "Act")

89.     Defendants hereby incorporate by reference comments fully set forth, their responses and affirmative defenses contained in paragraphs 1 through 88 above.

90.     Under the terms of the applicable law of the State of Florida, Defendants were consumers of goods and services.

91.     Further, under the terms of the Act, it is unlawful for an entity such as Cottman to engage in any unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

92.     Cottman has violated the Act by engaging in the actions as foresaid, including but not limited to that Cottman failed to "continue to develop, promote and protect the good will and reputation associated with the Cottman names and marks" and by American Drive Line actions to cause the Cottman System to go out of existence,

destroying the value of the goodwill and reputation associated with the Cottman names and marks.

93.    Cottman, by its decision to cause the Cottman System to go out of existence either by attrition or causing a conversion of Cottman locations to AAMCO, has engaged in unfair competition in violation of the Act by, among other things:

a.    Failing to "continue to develop, promote, and protect the goodwill and reputation associated with the Cottman names and marks and the Cottman System;"

b.    Encouraging Cottman franchisees to convert to AAMCO, significantly diminishing the number of existing Cottman franchises;

c.    Ceasing to offer new Cottman franchises or to grow the Cottman System; and

d.    Favoring AAMCO over Cottman and permitting AAMCO stores to compete with existing Cottman licensees.

94.    As a result of these unfair acts, Defendants have been harmed in the following ways, among others:

a.    Cottman's actions with AAMCO and as noted above have placed them at a competitive disadvantage; there has been a substantial decrease in the number of Cottman centers, an increase in the number of AAMCO centers and a diminishment in the absolute number of Cottman licensees in Florida because of Cottman's failure to support its licensees; there were over 400 Cottman centers available to provide national warranty service with 21 centers in Florida alone giving Cottman licensees a strong marketing advantage;  because of the significant decrease in the number of Cottman centers, Defendants were at a competitive disadvantage.

11

b.       The significant diminution in the number of Cottman centers resulting from the Cottman's action with AAMCO and Cottman's failures as noted above has diluted the value of the Cottman brand.

c.       The loss of business resulting from the negative effects of favoring AAMCO and Cottman's failures as noted above has forced defendants to cease operation, effecting a de facto termination of their franchise agreements

95.     Under the terms of the Act, and as a result of Cottman's unlawful conduct, Defendants are entitled to recover damages, as well as attorneys' fees and costs.

96.     While the precise amount of Defendants' damages cannot now be determined with precision, such damages are in excess of $75,000.

## Count IV – Declaratory Judgment

97.     Defendants hereby incorporate by reference comments fully set forth, their responses and affirmative defenses contained in paragraphs 1 through 96 above.

98.     Pursuant to 28 U.S.C. §2201, this Court has jurisdiction to determine disputes between Plaintiff and Defendants concerning the validity, formation, operation and termination of the License Agreement.

99.     A dispute exists between Plaintiff and Defendants as to whether Defendants are in default of the License Agreement and as to the termination of said Agreement.

100.    Cottman has completely and utterly failed to adhere to the terms of its License Agreement.

101.    Defendants have performed their obligations under the License Agreement and had not negligibly or willfully caused any damage to the Plaintiff.

102.    Defendants had properly determined that Cottman was in violation of this Agreement and, because of their actions, has caused a de facto termination of the License Agreement.

## Relief Sought

WHEREFORE, Richard Hoover and Countyline Transmission, LLC request the following the relief:

A.    A Declaration that the License Agreement has been terminated without any obligation by Defendants to Cottman.

B.    That Defendants be awarded monetary damages in excess of $75,000.00.

C.    That Defendants be awarded its attorneys' fees, punitive damages, court costs and such other and further relief pursuant to statute or otherwise as may be just and proper.

CHERNOW KAPUSTIN, LLC


By: /s/Steven Kapustin
    Steven Kapustin, Esquire
    Harris J. Chernow, Esquire
    721 Dresher Road – Suite 1100
    Horsham, PA  19044
    215-663-0273 (phone)
    Email: skapustin@chernowkap.com
    Email: hchernow@chernowkap.com
      Attorneys for Defendants

Date:  September 28, 2012